## Branch, Trustee, v. Kaiser et al.

*Corporations—Directors—Declarations of illegal dividends—Act of May 23, 1913.*

1. Under the Act of May 23, 1913, P. L. 336, directors of a corporation are personally liable where they declare dividends for a period of years when the capital of the company has been impaired and the company is insolvent.

2. In such a case, the directors cannot justify their conduct by claiming that during the years in question the company did actually make a current profit on business done, and that the dividends were paid out of such current profits.

3. The dividends illegally declared should have been applied to a reduction of the capital deficit.

Bill and answer. C. P. No. 2, Phila. Co., Dec. T., 1926, No. 20031.

*Aarons, Weinstein & Wolfe,* for complainant.

*Franklin E. Barr,* for respondents.

GORDON, JR., J., June 4, 1927.—This case is before us upon bill and answer. The proceeding is a bill in equity by a trustee in bankruptcy to compel repayment by the defendants, who were the directors of the bankrupt corporation, of dividends alleged to have been wrongfully declared by them. The bill charges, and the answer in substance admits, that, because of business conditions which did not involve any neglect or misconduct upon the part of its directors and officers, the company became insolvent in the year 1921 by suffering an impairment of capital to the extent of approximately a million dollars; that, notwithstanding this impairment of capital, the company continued to do business from 1921 until 1926, when it went into bankruptcy; and that during these years the directors continued to pay regular dividends. The answer attempts to justify such payment upon the ground that, during the years in question, the company did actually make a current profit on business done and that the dividends were paid out of such current profit. The answer avers, and it is taken to be true for the purposes of this argument, that, in thus declaring dividends out of current profits at a time when the corporation was known by them to be insolvent, the directors acted in good faith, in the sense that they believed that the best interests of the company required dividends to be paid to avoid immediate bankruptcy, and that they had a legal right to declare dividends under these circumstances and in this manner. We are of opinion that the declaration of dividends referred to was illegal, and that the directors are personally liable for dividends so declared.

Section 1 of the Act of May 23, 1913, P. L. 336, provides: "That all corporations heretofore or hereafter incorporated under any special or general law of this Commonwealth may, at any time or times, declare dividends of so much of their net profits as shall appear advisable to the directors; such dividends to be paid to the stockholders or their legal representatives at such time after their declaration as the directors may fix; but such dividends shall in no case exceed the amount of the net profits acquired by the company, so that the capital stock shall never be impaired thereby."

It is argued by counsel for the respondents that the impairment of capital occurred prior to the declaration of the dividends in question, and all that the directors did was to fail to reduce an impairment that existed. This argument overlooks the fact, however, that, by declaring the dividends each year out of current profits, the directors illegally diverted funds which properly were applicable to a reduction of the capital deficit. The earned profits reduced the impairment, and the declaration of the dividend again impaired the capital to the extent of the dividends declared.

This being the situation, we are of opinion that the answer of the respondents is insufficient, and that the complainant is entitled to the decree he seeks. Counsel will prepare and submit to the court for entry a form of decree in accordance with this opinion.